**MTN/NOTC**
Jimmy L. Banks
6700 Lost River Ct
Las Vegas, NV 89108
(702) 219-6882
jimmysmarket@hotmail.com
Plaintiff: *IN PRO PER*

2011 MAR 23  P 2:45

# UNITED SATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Jimmy L. Banks, an individual(s),<br>Plaintiff(s)<br>vs.<br>Countrywide Home Loans, Inc., a New York Corporation; Federal National Mortgage Association, a District of Columbia Corporation, MERSCORP, INC., a Virginia Corporation, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. a subsidiary of MERSCORP, Inc., a Delaware corporation; RECONTRUST COMPANY, N.A.; RECONTRUST COMPANY, a Nevada corporation; The First American Corporation;<br>BAC HOME LOAN SERVICING LP FKA COUNTRYWIDE HOME LOANS SERVICING LP; CTC REAL ESTATE SERVICES, et al<br>**Defendants.** | CASE No.: 2:11-CV-00405<br><br>**PLAINTIFF'S EMERGENCY NOTICE OF MOTION AND MOTION FOR STAY OF PROCEEDINGS AND LITIGATION PENDING INVESTIGATION AND DETERMINATION ON FILINGS WITH STATE AND FEDERAL GOVERNMENT REGULATORY AGENCY AND LAW ENFORCEMENT OFFICIALS CONCERNING DEFENDANT PARTIES AS NAMED HEREIN ALLEGED CRIMINAL CONDUCT AND MOTION FOR AMENDMENT**<br>POINTS AND AUTHORITIES/ AFFIDAVIT IN SUPPORT & ATTACHED EXHIBITS HEREIN<br>[First Request]<br>[Oral Argument Requested] |

COMES NOW Plaintiff, JIMMY L. BANKS, *In PRO PER*, individually, and hereby brings:

*"PLAINTIFF'S EMERGENCY NOTICE OF MOTION AND MOTION FOR STAY OF PROCEEDINGS AND LITIGATION PENDING INVESTIGATION AND DETERMINATION ON FILINGS WITH STATE AND FEDERAL GOVERNMENT REGULATORY AGENCY AND LAW ENFORCEMENT OFFICIALS CONCERNING DEFENDANT PARTIES AS NAMED HEREIN ALLEGED CRIMINAL CONDUCT AND MOTION FOR AMENDMENT (See Exhibit A) "*

This motion is made and based upon the points and authorities below, *Exhibit A* attached and the papers and pleadings on file herein and any and all other oral arguments allowed by the Court at the time of hearing.

## NOTICE OF MOTION

TO: ALL INTERESTED PARTIES

TO: THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that the undersigned PLAINTIFF will bring the foregoing:

*"PLAINTIFF'S EMERGENCY NOTICE OF MOTION AND MOTION FOR STAY OF PROCEEDINGS AND LITIGATION PENDING INVESTIGATION AND DETERMINATION ON FILINGS WITH STATE AND FEDERAL GOVERNMENT REGULATORY AGENCY AND LAW ENFORCEMENT OFFICIALS CONCERNING DEFENDANT PARTIES AS NAMED HEREIN ALLEGED CRIMINAL CONDUCT AND MOTION FOR AMENDMENT (See Exhibit A)"*

For hearing before the above-entitled Court on the day of _____, of _____ 2011, at the hour of _____ in Department _____.

DATED this day _____ of March, 2011.

## VERIFICATION

STATE OF NEVADA COUNTY OF CLARK

Jimmy L. Banks, being first duly sworn, deposes and says:

That she is Plaintiff in the above-entitled action; that she has read the foregoing *PLAINTIFF'S EMERGENCY NOTICE OF MOTION AND MOTION FOR STAY OF PROCEEDINGS AND LITIGATION PENDING INVESTIGATION AND DETERMINATION ON FILINGS WITH STATE AND FEDERAL GOVERNMENT REGULATORY AGENCY AND LAW ENFORCEMENT OFFICIALS CONCERNING DEFENDANT PARTIES AS NAMED HEREIN ALLEGED CRIMINAL CONDUCT AND MOTION FOR AMENDMENT*, knows the contents thereof, and that the same is true of his own knowledge, except for those matters alleged upon information and belief, and as to those matters, he believes them to be true.

Dated: 03-22-2011

_____
JIMMY L. BANKS

## ACKNOWLEDGEMENT

Subscribed and sworn to before me this _____ day of March, 2011

Signed: _____ Seal:

Notary Public - State of Nevada
County of Clark
KIRK WALKER
My Appointment Expires
November 30, 2011
No. 08-8068-1 DUPLICATE

NOTARY PUBLIC in and for the County of Clark, State of Nevada.

## MOTION FOR STAY

Plaintiff respectfully request the Court stay all litigation and proceedings in this matter pending the information received from the investigations by State, Federal Agency, and Law Enforcement Officials and the determination thereof concerning the alleged criminal conduct as filed and reported thereto respectively by the Plaintiff herein.

The Nevada Attorney General's office sued *Defendants, Bank of America Corporation, N.A., BAC Home Loans Servicing, LP and Recon Trust Company ("Bank of America")* on December 17, 2010 (*see Exhibit A*) for allegedly **deceiving homeowners through its residential loan modification and foreclosure practices.**

The lawsuit, filed in Clark County District Court and triggered by consumer complaints, named as defendants the bank's parent company as well as **BAC Home Loans Servicing, LP and Recon Trust Co.**

**"We are holding Bank of America accountable for misleading and deceiving consumers,"** Nevada Attorney General Catherine Cortez Masto said. **"Nevadans who were trying desperately to save their homes were unable to get truthful information in order to make critical life decisions."**

In response, Dan Frahm, senior vice president at Bank of America Home Loans, released the following statement December 17, 2010:

"We share Attorney General Masto's goal of helping homeowners. We are disappointed that this suit and *a similar suit in Arizona were filed at this time, however, because we and other major servicers are currently engaged in multi-state discussions led by Attorney General Miller in Iowa to try to address foreclosure related issues more comprehensively. That is the approach that will best broaden programs for homeowners who need assistance.* Bank of America has been a cooperative partner with the Attorneys General, and has worked with state leaders to evolve programs and resources to broaden assistance to distressed customers. We are already underway with further improvements to our processes and programs for Bank of America customers."

The attorney general's complaint alleges that Bank of America is:

- **Misleading consumers by promising to act upon requests for mortgage modifications within a specific period of time;**

- **Misleading consumers with false assurances that their homes would not be foreclosed while their requests for modifications were pending, but sending foreclosure notices, scheduling auction dates, and even selling consumers' homes while they waited for decisions;**

- **Misrepresenting to consumers that they must be in default on their mortgages to be eligible for modifications when, in fact, current borrowers are eligible for assistance;**

- **Making false promises to consumers that their modifications would be made permanent if they successfully completed trial modification periods, but then failing to convert these modifications;**

- **Misleading consumers with inaccurate and deceptive reasons for denying their requests for modifications;**

- **Falsely notifying consumers or credit reporting agencies that consumers are in default when they are not;**

- **Misleading consumers with offers of modifications on one set of terms, but then providing them with agreements on different sets of terms, or misrepresenting that consumers have been approved for modifications.**

The attorney general's office alleged that the bank made false promises that led many Nevada consumers to make mortgage payments they could not afford, running through their savings, their retirement funds or their children's education funds. It was also alleged that consumers deferred short-sales and passed on other attempts to mitigate their losses due to the bank's "misleading assurances." Masto's office also said that consumers **"waited anxiously, month after month, calling Bank of America and submitting their paperwork again and again, not knowing whether or when they would lose their homes."**

"**Whatever the consumers' particular circumstances, they all suffered the stress and frustration of being misled by Bank of America while trying to take responsible action to modify their mortgages so they could continue to make their payments and remain in their homes,**" the attorney general's office stated.

Masto's office said that the bank's "**misconduct in misrepresenting its mortgage modification program**" *was confirmed in interviews with consumers, former employees and other third parties and through review of relevant documents.* Her office also stated that former employees describe an environment in which the bank failed to staff its modification functions with employees who had the necessary training, skills and experience.

*Bank employees also told the attorney general's office that the modification process was chaotic, understaffed and not oriented to customers. Employees also said they were reprimanded for spending too much time with individual consumers.*

"**Consumers turn to their banking or lending institutions for answers when faced with a life-changing decision such as saving their home,**" Masto said. "**Bank of America's callous disregard for providing timely, correct information to people in their time of need is truly egregious.**"

The Plaintiff respectfully submits that the granting of this request is *in the interest of the judicial economy and will afford the court with an opportunity to dispose of the unfounded averments by the Defendant parties herein without the incurring of unnecessary additional fees, costs and time used in the "stonewalling" processes unjustly and egregiously placed upon the Plaintiff and this honorable court.*

Upon the Courts information and belief from the results of the pending investigations and upon the determinations from the proper authorities as having the reasonable authority and oversight over the defendants, their conduct, and verified violations of the law, this Plaintiff requests that this honorable court order further discovery and evidentiary proceedings to validate the subsequent findings within the civil forum making further available for examination by the court so as to determine the proper and justicible remedies and equitable relief in providing for recovery under the

aggregate damages resulting from willful reckless conduct of the defendant parties herein provided to the Plaintiff as the court deems adequate and necessary.

Additionally, Plaintiff is requesting that the Court stay *all* proceedings concerning the subject real property and pursuant to the case law below, as the property is unique in nature.

## SUPPORTING AUTHORITY

### I. THE COURT HAS THE DISCRETION

"An action may be "stayed"....

See *Mikohn Gaming Corp. v. McCrea*, 120 Nev. 248, 89 P.3d 36(2004)

An entry of a "stay" order is discretionary with the court and the grounds vary with the circumstances of the case. A "stay" of an action is an order stopping the proceedings until a certain event happens. A frequently exercised ground is the pendency of a related action.

"A district court has a broad discretion to stay proceedings as incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706-07(1997)

Here, the two actions are not identical but related and yet in different forums, and abatement is unavailable. It may nonetheless be appropriate to stay one action pending the determination of the issues in the other action.

### II. INTERESTS OF JUDICIAL EFFICIENCY

In *Mediterranean Enterprises, Inc.* the Ninth Circuit stated:

[A] trial court may, find it is efficient for its own docket and the fairest course for the parties to enter a *"stay"* of an action before it, *pending resolution of independent proceedings which bear upon the case. Mediterranean Enterprises, Inc. v. Ssangyong Corp.* 708 F.2d at 1465(9thCir.1983) [Emphasis Added.]

In the case at bar, the authority for "temporary stay proceedings" is particularly appropriate where it will serve to be "applicable to preserve judicial efficiency and fairness" See e.g., *Mediterranean Enterprises, Inc. v. Ssangyong Corp.* 708 F.2d 1458, 1465 (9thCir.1983) during the pendency of a court's decisions to be based on *all possible and probable information* to be made available to the court.

Here, the Plaintiff motions the court for consideration to make reasonably available all facts necessary to make to make the fair and reasonable decisions now pending before the court. Plaintiff respectfully submit that the motion has substantial merit and that no proceedings during the pendency

*in resolution of independent proceedings which bear upon this case* are necessary or warranted so as to prevent undue prejudice within the due process afforded to all parties. The defendant's time barred and defective "Petition for Removal of Civil Action" is no more than an attempt to avoid verified clams and allegations of statutorily defective foreclosure processes recklessly applied to the Plaintiff and Plaintiff's property rights under Nevada law. More specifically NRS 170.080 et seq.

## MOTION FOR RELATION BACK OF AMENDMENT

The Plaintiff request the court herein to allow leave for amended pleading so to "relate back" as the amendment "fairly touches the facts as originally pled". Upon more definite evidence as provided in the recently attached Exhibits, the Plaintiff requests at this time for the court allow leave to amend pleadings accordingly.

## SUPPORTING AUTHORITY

### I. FACTS EXISTED AT COMMENCEMENT

The relation back doctrine has been applied to the acknowledgement required on a pleading filed by a party in proper person. *Tehansky v. Wilson*, 83 Nev. 263, 428 P.2d 375 (1967)
The Nevada Supreme Court held that "[i]f the original pleadings give fair notice of the fact situation from which the new claim for liability arises, the amendment should relate back for limitation purposes." *Nevada v. City of Las Vegas*, 99 Nev. 548, 556, 665 P.2d 1141,1146(1983) *See also Deal v. 999 Lakeshore Association*, 94 Nev. 301,307,579 P.2d 775,779 (1978)
Therefore as the Plaintiff submits amended allegations in pleading that are of fair notice and is not estranged from the course of complaint as originally filed with the court herein.

### II. TO PROMOTE COMPLETE ADJUDICATION

Further, interpretation pursuant to NRCP 15(d), the Nevada Supreme has stated:
" NRCP 15(d) is intended to promote as complete an adjudication as possible allowing the addition of claims that arise after the initial pleadings have been filed." *Szilagyi v. Testa*, 99 Nev. 834, 839-40, 673 P.2d 495, 499 (1979)

The Plaintiff submits to the court that this ruling should permit a party to join all grievances against another party regardless of when the cause of action arises and also the court may look to those pleadings[amended] to be determined whether the allegations sought rest on the facts which

occurred after the commencement of the action. *See Las Vegas Network v. B. Shawcross & Associates,* 80 405, 395 p.2d 520 (1964)

FRCP 15 allows pleadings to be amended or supplemented. Plaintiff may amend once before an answer is filed, a defendant can amend once within 21 days of serving an answer, and if there is no right to amend, seek leave of court ("leave shall be given when justice so requires.")

### III. PLAINTIFF MAY AMEND PLEADING

*Scott Timber Co.,* 44 Fed. Cl. at 182; *see also Teft v. Seward,* 689 F.2d 637, 369 (6th Cir. 1982 (Where "the facts as set forth in the original complaint would support [the amended] cause of action," the amended complaint is "not so different as to cause prejudice to the defendants."); *Buder v. Merrill Lynch, Pierce, Fenner & Smith,* 644 F.2d 690, 694 (8th Cir. 1981) ("Where the facts on which a previously unasserted claim is based are all known or available to all parties, there is no prejudice in allowing an amended complaint.").

"When litigant finds that the facts will not sustain the cause of action pleaded, but will justify recovery upon another theory, (s)he may make an application to the court to amend his/her pleading, and upon proper a showing and terms the court may, in its discretion, permit amendment;" *Christensen v. Duborg,* 38 Nev. 404, 150 P.306 (1915)

### CONCLUSION

Pursuant to the points and authorities as referenced above, attached *Exhibit* A and the documents on file and also herein as filed, it is respectfully requested that the Court issue order for leave to amend and a temporary stay of proceedings and litigation in this matter thus allowing for the pending results and the determination there from the complaints as filed with State and Federal Government agency and officials of law enforcement concerning the defendants as named herein alleged criminal conduct and civil allegations as pertains to the Plaintiff and the subject property located at 6700 Lost River Ct, Las Vegas, NV 89108 and to effect the preservation and protection of the judicial economy of the court herein and to further compel proper adjudication *in completion* of all available the facts so to prevent procedural prejudice to the matters presently at bar.

WHEREFORE FOR THE ABOVE-STATED REASONS, the Plaintiff respectfully request that the Court enter a temporary order for stay of proceeding and litigation pending resolution and determination now noticed and presently before the court and the Defendant parties as named herein. The Plaintiff also respectfully request that the court allow for leave to amend the complaint so to join all grievances accordingly for complete adjudication on the merits without prejudice to procedure.

RESPECTFULLY SUBMITTED this 22nd day of March, 2011.

*/s/ Jimmy R. Banks*

Jimmy L. Banks (*Plaintiff: in pro se*)

"IT IS SO ORDERED":

_____

HONORABLE UNITED STATES
DISTRICT COURT JUDGE

# CERTIFICATE OF SERVICE

I hereby certify that on the ___23rd___, day of March, 2011, I served a true and correct copy of the foregoing:

*"PLAINTIFF'S EMERGENCY NOTICE OF MOTION AND MOTION FOR STAY OF PROCEEDINGS AND LITIGATION PENDING INVESTIGATION AND DETERMINATION ON FILINGS WITH STATE AND FEDERAL GOVERNMENT REGULATORY AGENCY AND LAW ENFORCEMENT OFFICIALS CONCERNING DEFENDANT PARTIES AS NAMED HEREIN ALLEGED CRIMINAL CONDUCT AND MOTION FOR AMENDMENT (See Exhibit A) "*

By depositing the same in the United States mail, first class postage fully prepaid to the persons and addresses listed below and/or by personal hand delivery of copies to the parties and/or their representatives as listed below.

J. Christopher Jorgensen, Esq.
Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, NV 89169
Counsel for
*Countrywide Home Loans, Inc.*
*ReconTrust Company*
*Reconstruct Company, N.A.*
*MERS – Mortgage Electronic Registration Systems, Inc.*
*Merscorp, Inc.*
*BAC Home Loans Servicing LP FKA Countrywide Home Loans Servicing LP*
*Federal National Mortgage Association*

The First American Corporation
1 First American Way
Santa Ana, California 92707

CTC Real Estate Services
225 W. Hillcrest Drive
MSN TO-02
Thousand Oaks, CA 91360

Thomas Huynh
1800 Tapo Canyon Road
Simi Valley, CA 93063

Christopher A.J. Swift
Attorney at Law
Pite Duncan, LLP
701 East Bridger Ave, Suite 700
Las Vegas, NV 89101

1  Michele Sjolander
   400 Countrywide Way
2  Mailstop CA6-919-01-27
   Simi Valley, CA 93065
3
   Anselmo Pagkaliwangan
4  2380 Performance Drive
   RGV-D7-450
5  Richardson, TX 75082

6  Debra Pedley
   2380 Performance Drive
7  RGV-D7-450
   Richardson, TX 75082
8
   Kristen Volmer
9  400 National Way
   Mailstop, CA6-919-02-22
10
   Khadija Gulley
11 P.O. Box 2026
   Flint, MI 48501-2026
12
   Elsie E. Krossakis
13 P.O. Box 2026
   Flint, MI 48501-2026
14
   DeEdra Williams
15 2380 Performance Drive
   RGV-D7-450
16 Richardson, TX 75082

17 Margarita Padilla
   2380 Performance Drive
18 RGV-D7-450
   Richardson, TX 75082
19
20 By _____
   Uninterested party of the matter herein.
21

EXHIBIT A

OFFICE OF NEVADA ATTORNEY GENERAL

PRESS RELEASE DATED 12/17/2010

"NEVADA ATTORNEY GENERAL SUES BABK OF AMERICA FOR

DECEIVING NEVADA HOMEOWNERS'



# OFFICE OF THE ATTORNEY GENERAL

Catherine Cortez Masto, *Attorney General*

555 E. Washington Avenue, Suite 3900
Las Vegas, Nevada 89101
Telephone - (702) 486-3420
Fax - (702) 486-3283
Web - http://ag.state.nv.us

**FOR IMMEDIATE RELEASE**
**December 17, 2010**

**Edie Cartwright**
**775.684.1189**

### NEVADA ATTORNEY GENERAL SUES BANK OF AMERICA FOR DECEIVING NEVADA HOMEOWNERS

**Las Vegas:** Attorney General Catherine Cortez Masto announced today that her office is filing a lawsuit against Bank of America Corporation, N.A., BAC Home Loans Servicing, LP, Recon Trust Company ("Bank of America") for engaging in deceptive trade practices against Nevada homeowners.

The lawsuit, filed in the Eighth Judicial District of the State of Nevada, was triggered by consumer complaints and follows an extensive investigation into Bank of America's alleged deceptive practices involving its residential mortgage servicing, particularly its loan modification and foreclosure practices.

The Complaint alleges that Bank of America is:

1) Misleading consumers by promising to act upon requests for mortgage modifications within a specific period of time;

2) Misleading consumers with false assurances that their homes would not be foreclosed while their requests for modifications were pending, but sending foreclosure notices, scheduling auction dates, and even selling consumers' homes while they waited for decisions;

3) Misrepresenting to consumers that they must be in default on their mortgages to be eligible for modifications when, in fact, current borrowers are eligible for assistance;

4) Making false promises to consumers that their modifications would be made permanent if they successfully completed trial modification periods, but then failing to convert these modifications;

5) Misleading consumers with inaccurate and deceptive reasons for denying their requests for modifications;

6) Falsely notifying consumers or credit reporting agencies that consumers are in default when they are not;

7) Misleading consumers with offers of modifications on one set of terms, but then providing them with agreements on different sets of terms, or misrepresenting that consumers have been approved for modifications.

Because of Bank of America's false promises, many Nevada consumers continued to make mortgage payments they could not afford, running through their savings, their retirement funds or their children's education funds. Additionally, due to Bank of America's misleading assurances, consumers deferred short-sales and passed on other attempts to mitigate their losses. And they waited anxiously, month after month, calling Bank of America and submitting their paperwork again and again, not knowing whether or when they would lose their homes. Whatever the consumers' particular circumstances, they all suffered the stress and frustration of being misled by Bank of America while trying to take responsible action to modify their mortgages so they could continue to make their payments and remain in their homes.

"We are holding Bank of America accountable for misleading and deceiving consumers," said Attorney General Masto. "Nevadans who were trying desperately to save their homes were unable to get truthful information in order to make critical life decisions."

Bank of America's misconduct in misrepresenting its mortgage modification program was confirmed in interviews with consumers, former employees and other third parties and through review of relevant documents. Former employees describe an environment in which Bank of America failed to staff its modification functions with employees who had the necessary training, skills and experience. According to employees, the modification process was chaotic, understaffed and not oriented to customers. Employees were even reprimanded for spending too much time with individual consumers.

"Consumers turn to their banking or lending institutions for answers when faced with a life changing decision such as saving their home," said Attorney General Masto. "Bank of America's callous disregard for providing timely, correct information to people in their time of need is truly egregious.

Nevada homeowners who are in or are facing foreclosure are advised to seek assistance as soon as possible. Homeowners can find information concerning a HUD-approved counseling agency by calling HUD's interactive voice system at 800.569.4287 or by visiting http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm Additional information on foreclosure resources can be found at www.fightfraud.nv.gov

Nevada consumers can file a complaint with the Nevada Attorney General's Office about Bank of America can send a letter with copies of any supporting documentation to the Nevada Office of the Attorney General, Consumer Response Unit, 100 N. Carson St., Carson City, NV 89701.   Please visit http://ag.state.nv.us/org/bcp/lawsuits.htm   or call the Nevada Attorney General's hotline at 702-486-3132 for additional information.